UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GLENN JOHNSON,

                                                        **ECF CASE**
                                        Plaintiff,
                                                        **COMPLAINT**

                        -against-
                                                        07 CV 10698 (PKC)

THE CITY OF NEW YORK, POLICE OFFICERS JOHN
DOES 1 & 2, POLICE OFFICER JANE DOE,                    Jury Trial Demanded

                                        Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.      This is a civil rights action, brought pursuant to 42 U.S.C. § 1983, alleging

misconduct by the City of New York and three of its police officers.  Plaintiff alleges that, on

October 18, 2007, three unidentified officers subjected him to false arrest, false imprisonment,

excessive force, assault, battery, an illegal strip search, and fabrication of evidence in violation of

the Fourth, Sixth, and Fourteenth Amendments to the Constitution and New York common law.

Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and

attorney's fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth

and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon

this Court by 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28

U.S.C. § 1367 to hear and decide his state law claims of false arrest, false imprisonment, assault,

battery, an illegal strip search, and negligent hiring, training, supervision, and retention.  With

respect to these state law claims, a notice of claim was duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claims.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York.  Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to plaintiff's constitutional rights and negligence occurred in Manhattan at NYPD Headquarters located at One Police Plaza and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## PARTIES

5.    Plaintiff is a resident of the State of New York.

6.    The City of New York is a municipal corporation organized under the laws of the State of New York.

7.    Police Officers John Does 1 and 2 and Police Officer Jane Doe are members of the New York City Police Department ("NYPD") who were involved in the arrest of plaintiff and the torts arising out of plaintiff's arrest on or about October 18, 2007.   These officers are liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from each other's illegal conduct.

## STATEMENT OF FACTS

8.    On October 18, 2007, between 8:00 and 9:00 p.m., in front of 700 Grand Street, Brooklyn, New York, three police officers (two males, one female) in plainclothes in an unmarked car ordered plaintiff out of an automobile and searched him without cause.

9.    No drugs or contraband were found on plaintiff.

10.     A short time thereafter, the three officers arrested plaintiff without cause.

11.     In the course of arresting plaintiff, one of the male officers (Hispanic, late 30s, medium build and height) maliciously handcuffed plaintiff excessively tight which caused marks to appear on plaintiff's wrists and caused plaintiff pain.

12.     Plaintiff was subsequently brought to the 90th Precinct for arrest processing.

13.     At the 90th Precinct, one the male officers (tall, white, late 20s, medium build) illegally strip searched plaintiff in a bathroom and directed plaintiff to bend over and squat and cough.

14.     On October 19, 2007, at approximately 4:30 a.m., plaintiff was taken to Brooklyn Central Booking to await arraignment.

15.     While plaintiff was confined in Central Booking, one or more of the officers conveyed false information to prosecutors in order to have plaintiff prosecuted.

16.     On October 19, 2007, at approximately 8:30 p.m., plaintiff was released from Central Booking because the District Attorney's Office declined prosecution.

17.     As a result of the foregoing, plaintiff suffered pain, injuries to wrists, emotional distress, mental anguish, fear, embarrassment, humiliation, discomfort, and loss of liberty.

### PLAINTIFF'S FEDERAL CLAIMS AGAINST
### THE INDIVIDUAL DEFENDANTS

18.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-17 as if fully set forth herein.

19.     The conduct of John Does 1 and 2 and Jane Doe, as described herein, amounted to false arrest, false imprisonment, excessive force, an illegal strip search, and

fabrication of evidence in violation of  42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

## PLAINTIFF'S  FEDERAL  CLAIM  AGAINST THE CITY OF NEW YORK

20.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-19 as if fully set forth herein.

21.     The City of New York directly caused the constitutional violations suffered by plaintiff.

22.     Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that many of its police officers, including the officers involved in the present case, are unfit officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.  Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

23.     The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

## PLAINTIFF'S     STATE     LAW     CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

24.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-23 as if fully set forth herein.

25.     The conduct of John Does 1 and 2 and Jane Doe, as described herein, amounted to false arrest, false imprisonment, assault, battery, and an illegal strip search in violation of New York state law.

## PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK

26.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-25 as if fully set forth herein.

27.     Because the police officers involved in the present case were acting within the scope of their employment as members of the NYPD during the incidents in question, the City of New York is vicariously liable under state law for false arrest, false imprisonment, assault, battery, and an illegal strip search.

28.     Further, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained the individual defendants.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.      Compensatory damages in an amount to be determined by a jury;

b.      Punitive damages in an amount to be determined by a jury;

c.      Costs, interest and attorney's fees;

d.      Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:      November 29, 2007
            Brooklyn, New York

CARDINALE & MARINELLI
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391


By:


*Richard J. Cardinale*
_____
RICHARD J. CARDINALE (RC-8507)

6