UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

GLENN JOHNSON,

                                   Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE MARISOL BONILLA (shield # 899), POLICE OFFICER ERIK MALEK (shield # 26515), SERGEANT FRANCISCO MONCAYO (shield # 2687),

                                   Defendants.

------------------------------------------------------------------X

**ANSWER TO FIRST AMENDED COMPLAINT**

07 CV 10698 (PKC)

Jury Trial Demanded

      Defendants City of New York, Marisol Bonilla, Erik Malek and Francisco Moncayo, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the amended complaint, respectfully allege, upon information and belief, as follows:

      1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

      2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

      3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein and that the New York City Comptroller's Office received what purports to be a Notice of Claim, and that no payment has been made by defendant City of New York.

      4.     Deny the allegations set forth in paragraph "4" of the complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that New York City is a municipal corporation and respectfully refers the Court to the New York State Charter.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that defendant Marisol Bonilla is employed by the City of New York within the New York City Police Department and that plaintiff purports to proceed against her as stated herein.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that defendant Erik Malek is employed by the City of New York within the New York City Police Department and that plaintiff purports to proceed against him as stated herein.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that defendant Francisco Moncayo is employed by the City of New York within the New York City Police Department and that plaintiff purports to proceed against him as stated herein

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff was taken to the 90th Precinct on October 18, 2008.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was searched at the 90th Precinct.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff was taken to Brooklyn Central Booking.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "19", inclusive of this answer, as is fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "21", inclusive of this answer, as is fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "25", inclusive of this answer, as is fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "27", inclusive of this answer, as is fully set forth herein.

...

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

31. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

32. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

33. Any injury alleged to have been sustained resulted, in whole or in part, from plaintiff's culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants..

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

34. There was probable cause for plaintiff's arrest and detention.

### AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE:

35. At all times relevant to the acts alleged in the complaint, defendant City of New York 's agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

34. Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), 50(h) and 50(i).

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

36. Punitive damages cannot be recovered against defendant City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

37. Plaintiff may not have satisfied conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

38. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, defendants Marisol Bonilla, Erik Malek and Francisco Moncayo are entitled to qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

39. Venue was not properly laid in this district.

**WHEREFORE,** defendants City of New York, Marisol Bonilla, Erik Malek and Francisco Moncayo respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
               May 22, 2008

                            MICHAEL A. CARDOZO
                            Corporation Counsel of the
                            City of New York
                            Attorney for Defendants City of New York, Bonilla,
                            Malek & Moncayo
                            100 Church Street, Room 3-148
                            New York, New York 10007
                            (212) 788-1277

          By:      _____
                            Joyce Campbell Priveterre (JCP 1846)
                            Assistant Corporation Counsel


To:        Richard J. Cardinale, Esq.
           Cardinale & Marinelli
           Attorney for Plaintiff
           26 Court Street, Suite 1815
           Brooklyn, New York 11242
           (718) 624-9391

Index No. 07 CV 10698 (PKC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLENN JOHNSON,

                Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE MARISOL BONILLA (shield # 899), POLICE OFFICER ERIK MALEK (shield # 26515), SERGEANT FRANCISCO MONCAYO (shield # 2687),

                Defendants.

ANSWER TO FIRST AMENDED COMPLAINT

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York City,*
*Bonilla, Malek & Moncayo*
*100 Church Street*
*New York, N.Y. 10007*

*Tel: (212) 788-1277.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................, 2008*

*Joyce Campbell Privéterre, Esq.*

*Attorney for Defendants*